[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14405
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cv-00681-WC

JOHN OIRYA,

Plaintiff-Appellant,

versus

AUBURN UNIVERSITY,
GEORGE FLOWERS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(October 19, 2020)

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

John Oirya, a black male, appeals the district court's grant of summary judgment to Auburn University ("Auburn") and George Flowers on his claim of racial discrimination under 42 U.S.C. § 1981.  Oirya argues that the comparators he identified were similarly situated because they all met the academic good standing policy in effect at the time of their application to and acceptance into Auburn's graduate school.  He also argues that the district court erred in its treatment of his response to Auburn and Flowers's motion for summary judgment and the evidence he submitted in support.

We review the grant of summary judgment *de novo*, applying the same legal standards as the district court.  *Alvarez v. Royal Atl. Developers*, *Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010).  The question is whether the evidence, when viewed in the light most favorable to the nonmoving party, shows that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law.  *Id.* at 1263–64.

Under 42 U.S.C. § 1981, all persons have the right to make and enforce contracts and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.  42 U.S.C. § 1981. To prevail on a non-employment § 1981 claim, a plaintiff must establish the following: (1) he is a member of a racial minority; (2) the defendant intended to

2

racially discriminate against him; and (3) the discrimination concerned one or more of the activities enumerated in § 1981. *Jiminez v. Wellstar Health Sys*., 596 F.3d 1304, 1308 (11th Cir. 2010).   Section 1981 claims are analyzed in the same manner as claims brought under Title VII. *See Butler v. Ala. Dept. of Transp.*, 536 F.3d 1209, 1215 (11th Cir. 2008).  Facing a defendant's motion for summary judgment, a plaintiff asserting an intentional discrimination claim under § 1981 must make a sufficient factual showing to permit a reasonable jury to find in his favor.  *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1217 (11th Cir. 2019) (*en banc*).

One way to meet this burden is through the burden-shifting framework found in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Id.*  Under this framework, the plaintiff is first required to establish a *prima facie* case of discrimination.  *Id.*  If the plaintiff presents a *prima facie* case, a presumption arises that the employer acted illegally, which the employer can rebut by presenting a legitimate, nondiscriminatory reason for its decision.  *Id.*  If it does so, then the burden shifts back to the plaintiff to show that the employer's proffered reasons were pretextual.  *Id.*  Despite these shifts in the burden of production, the ultimate burden of persuasion to show that the employer intentionally discriminated rests with the plaintiff.  *Id.*  However, we have cautioned that establishing the elements of the *McDonnell Douglas* framework is not the only

way to survive summary judgment in an employment discrimination case, and that

a plaintiff may also present "a convincing mosaic" of circumstantial evidence that

raises a reasonable inference that the employer intentionally discriminated against

her. *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).

In order to demonstrate a *prima facie* case of discrimination, the plaintiff

may show that (1) he is a member of a protected class; (2) who is qualified for the

position; (3) but was subject to an adverse employment decision; and (4) a

similarly situated employee who is outside the protected class was treated

differently. *Alvarez*, 610 F.3d at 1264. A plaintiff must show that he and his

comparators are "similarly situated in all material respects." *Lewis*, 918 F.3d at

1224. If the plaintiff does not show the existence of a similarly situated employee,

summary judgment is appropriate where there is no other evidence of

discrimination. *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997).

We have explained the sorts of similarities that will underlie a valid

comparison. *Lewis*, 918 F.3d at 1227. For instance, we noted, a similarly situated

comparator ordinarily will have engaged in the same basic conduct or misconduct

as the plaintiff, will have been subject to the same employment policy, guideline,

or rule as the plaintiff, will have been under the jurisdiction of the same supervisor

as the plaintiff, and will share the plaintiff's employment or disciplinary history.

*Id.* at 1227-28. A valid comparison turns "not on formal labels, but rather on

4

substantive likeness." *Id.* at 1228. "An employer is well within its rights to accord different treatment to employees who are differently situated in 'material respects'—*e.g.*, who engaged in different conduct, who were subject to different policies, or who have different work histories." *Id.*

Here, the district court did not err in granting summary judgment to Auburn and Flowers because Oirya failed to make a *prima facie* case of racial discrimination. The comparators that Oirya identified were several of his fellow Ph.D. graduate students at Auburn, all of different races than he and none of racial minorities. The students were similar to Oirya in that they were all graduate students seeking Ph.D.s at Auburn and that they began around the same time as Oirya. However, Oirya did not point to any student that had been revealed to be ineligible to reenroll in their prior institution. He also did not point to a student who had engaged in the same misconduct as he at their prior institution or who had failed to disclose their full transcripts upon application to Auburn. Indeed, Flowers stated that he had never encountered this specific situation before Oirya, and Oirya conceded that he did not know of another student who was ineligible to return to his prior institution. Thus, Oirya did not present a comparator who was similarly situated to him in all material respects, because Oirya's inability to reenroll at BYU was the cited reason for his expulsion and was therefore material. *Lewis*, 918 F.3d at 1224, 1227-28. Auburn and Flowers were justified in treating Oirya

5

differently based on his different status as ineligible to reenroll at his prior

institution.  *Lewis*, 918 F.3d at 1228.  Without satisfying this element, he failed to

make a prima facie claim for racial discrimination.

     **AFFIRMED**.

WILSON, Circuit Judge, concurring:

I concur in the result.